Richard M. KRAMER and Patricia Kramer, Individually and as Parents and Natural Guardians of Katherine Kramer and Matthew Kramer, Minors, Plaintiffs,

v.

The BOEING COMPANY, and Pratt & Whitney Group, an Operating Unit of United Technologies Corporation, Defendants.

Civ. No. 3–88–215.

United States District Court,
D. Minnesota,
Third Division.

Feb. 20, 1991.

David F. Fitzgerald, Stephen P. Watters, and Yvette D. Ansel, Rider Bennett, Egan & Arundel, Minneapolis, Minn., and R. Thomas Roe, Roe Law Firm, Maple Plain, Minn., for plaintiffs.

Francis H. Morrison, III and Robert A. Brooks, Day, Berry & Howard, Hartford, Conn., and Richard H. Kyle, Briggs and Morgan, St. Paul, Minn., for defendant Pratt & Whitney Group.

ORDER

DIRECTING ENFORCEMENT OF SETTLEMENT AGREEMENT AND FINDING PLAINTIFFS' COUNSEL IN CONTEMPT

DEVITT, District Judge.

Introduction

This now settled diversity action arising out of a fire aboard a Boeing 737 aircraft is before the court upon various motions brought by both parties. Defendant Pratt & Whitney moves to enforce the settlement agreement and hold plaintiffs' attorney David F. Fitzgerald in criminal and civil contempt for refusal to return defendant's discovery documents as required by the protective orders and settlement agreement. Plaintiffs make six motions in sup-

port of their refusal to return the documents.[1]

For the reasons set forth below, the court denies plaintiffs' motions and grants defendant's motions to enforce the settlement agreement and hold attorney Fitzgerald in contempt.

### Background

Plaintiffs Richard Kramer and Patricia Kramer and their minor children were passengers aboard a Cameroon Airlines Boeing 737 aircraft on August 30, 1984. While on a runway at the Douale International Airport in Douale, Cameroon, the aircraft sustained an engine disk rupture, causing a fire and explosion. Plaintiffs experienced serious injuries as a result. The aircraft was equipped with model JT8D–15 jet engines manufactured by defendant Pratt & Whitney Group, an operating unit of United technologies Corporation.

Plaintiffs commenced this action in March, 1988. The parties faced numerous and cantankerous disputes throughout the course of discovery. *See, Kramer v. The Boeing Company*, 126 F.R.D. 690 (D.Minn. 1989).[2] The parties pursued discovery under protective orders dated September 12, 1988 and September 8, 1989. The September 12 protective order provides, in pertinent part:

> Upon final determination of this litigation, including all appeals, all materials subject to this Order * * * shall either be returned to counsel for the party which produced or generated such material, or

destroyed by counsel for the parties who received the materials * * *.

The September 8, 1989 protective order contains a similar provision. The protective order of September 12, 1988 further provides that either party may seek modification of the order. In November, 1990, the parties settled the law suit. The settlement agreement incorporates by reference a letter dated November 26, 1990 between counsel for defendant Pratt & Whitney and plaintiffs' counsel, Fitzgerald, in which Fitzgerald agrees to return all documents produced by Pratt & Whitney under the protective orders no later than December 31, 1990.[3]

On August 30, 1990, Moutoume Doula, Daniel Mbanjock, and Joshue Calvin Nguele commenced an action against United Technologies Corporation arising out of the same August 30, 1984 aircraft fire in Douale, Cameroon. *Doula v. United Technologies Corp.*, Civ. 4–90–685 (D.Minn. 1990). The case is before Judge David Doty. Attorney Fitzgerald now represents plaintiffs in *Doula*. On December 1, 1990, plaintiffs in the *Doula* action filed a request for production of all documents produced by Pratt & Whitney in *Kramer*. Meanwhile, on December 7, 1990, defendant United Technologies moved to dismiss *Doula* for lack of personal jurisdiction, insufficiency of service of process, and improper venue. On December 31, defendant objected to the document request in the *Doula* action and persisted in its demand that Fitzgerald return the documents in the *Kramer* action. Defendant offered to re-

---

**1.** (1) to strike defendant's motion for contempt on the ground that it is a nondispositive motion properly heard only before the Magistrate; (2) to stay the hearing on defendant's motion for contempt pending a ruling by the Magistrate on plaintiffs' previously filed motion to modify the court's protective orders; and (3) to refer defendant's contempt motion to the Magistrate for further disposition. In the event the court denies these motions, plaintiffs move, in the alternative, (4) to modify the court's protective orders; (5) to compel the production of documents in a separate case arising out of the same calamity, *Doula v. United Technologies Corporation*, Civ. 4–90–685 (D.Minn.1990); and (6) to consolidate this action with *Doula v. United Technologies Corp.*

**2.** Defendant Pratt & Whitney produced thousands of pages of documents in response to plaintiffs' discovery requests. Plaintiffs' counsel inventoried and organized the documents.

**3.** Specifically, paragraph 13.0 of the settlement agreement provides:

> As an express condition of the obligation set forth in paragraph 3.0 [governing payment of settlement proceeds to the plaintiffs], counsel for the parties shall execute, not later than the date of execution of this Settlement Agreement, a letter agreement governing the return to Defendant of all documents, and copies thereof, produced to plaintiffs' counsel in the course of the Action in accordance with the Protective Orders in the Action dated September 12, 1988, and September 8, 1989.

tain the *Kramer* documents in the Minneapolis office of its local counsel in the same arrangement as submitted by plaintiffs and to promptly produce them if the defendant's motions in *Doula* were denied.

To date, Fitzgerald has refused to return nearly all of the documents produced by Pratt & Whitney subject to the protective orders. By maintaining possession of the documents, Fitzgerald appears to violate the terms of the protective orders and settlement agreement entered in *Kramer*. Fitzgerald filed a motion to modify the terms of the protective orders on January 23, 1991. This motion was originally scheduled by plaintiffs to be heard before United States Magistrate Franklin L. Noel on March 4, 1991. Both parties appeared before this court for oral argument on these motions on February 19, 1991.

### Discussion

■ The basic issue involved in the eight post-settlement motions filed by the parties is whether the court should direct enforcement of the November, 1990 settlement agreement which terminated this litigation. Attorney Fitzgerald's stated reason for refusing to comply with the settlement agreement and protective orders is that he wants to use the *Kramer* documents as evidence in *Doula*. Fitzgerald cites no persuasive authority, however, to justify his disregarding the parties' settlement agreement and the court's protective orders. The court, therefore, grants defendant's motion to enforce the settlement agreement and denies Fitzgerald's motions. The court finds Fitzgerald's conduct in the matter to be CONTEMPTUOUS.

Fitzgerald advances three motions essentially challenging the authority of the court to hear defendant's motions vis-a-vis the United States Magistrate, contending that these matters are "nondispositive." The court is fully satisfied of its authority to pass upon the pending motions, and thus denies (1) plaintiffs' motion to strike defendant's contempt motion, (2) plaintiffs' motion to stay the hearing on defendant's contempt motion, and (3) plaintiffs' motion

to refer defendant's contempt motion to the Magistrate.[4]

Fitzgerald also moves this court to compel discovery of the Pratt and Whitney documents in *Doula*. However, the *Doula* case is pending before another judge and this court is without authority to direct discovery in that case.

Fitzgerald also moves the court to modify its previous discovery orders and the parties' settlement agreement so that Fitzgerald may retain the documents produced by Pratt & Whitney subject to the protective orders. No persuasive argument is suggested in support of modification. This motion causes the court some concern because of a possible conflict of interest. Fitzgerald filed this motion in his capacity as counsel for plaintiffs Richard and Patricia Kramer and their minor children. It does not appear, however, that any benefit could possibly enure to the Kramers if this motion succeeds. Indeed, the terms of the settlement agreement suggest strongly that Fitzgerald's continued assertion of a right to possess the documents in *Kramer* conflicts with the Kramers' interest in the uncontested, steady receipt of payments under the multi-million dollar settlement agreement. At the hearing on these motions, Fitzgerald admitted to the court that he had not advised the Kramers that he was not complying with the protective orders and settlement agreement or that he had filed these motions.

■ Finally, Fitzgerald moves for consolidation of this action with *Doula* under Fed.R.Civ.P. 42(a). Rule 42(a) permits a court to order the consolidation of actions pending before it which involve "a common question of law or fact." The court has broad discretion in determining whether consolidation is desirable. *Atlantic States Legal Foundation, Inc. v. Koch Refining Co.*, 681 F.Supp. 609, 615 (D.Minn.1988). In exercising this discretion, the court is to balance the time and effort consolidation would save against any inconvenience or delay which it would cause. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Hendrix v. Raybestos—Manhattan,*

---

**4.** Mr. Fitzgerald did not press these arguments    at oral hearing on February 19.

*Inc.,* 776 F.2d 1492, 1495 (11th Cir.1985). These cases do involve common questions of law and fact. However, *Kramer* has settled, and it makes no sense, and serves no purpose, to consolidate a settled case with an active one. Consolidation offers nothing in the way of increased efficiency to *Kramer.* Consolidation after settlement risks further dispute respecting defendant Pratt & Whitney's obligations under the settlement agreement. As noted earlier, the *Doula* case was filed in August, 1990, and the court finds Fitzgerald's delinquency in pursuing consolidation at this late date highly probative of the questionableness of the procedure's utility in this action. Finally, consolidation offers nothing in the way of increased efficiency in *Doula* which could not be achieved through other, less enigmatic means.

At oral argument on February 19, Mr. Fitzgerald did not dispute the court's authority to impose sanctions for contemptuous conduct; nor did Fitzgerald challenge the court's authority to enforce the parties' settlement agreement. *See Gardiner v. A.H. Robins Company, Inc.,* 747 F.2d 1180, 1190 (8th Cir.1984); *Worthy v. McKesson Corp.,* 756 F.2d 1370, 1373 (8th Cir.1985). The court offered Mr. Fitzgerald a continuance to specifically address the contempt and sanctions issues. Mr. Fitzgerald declined the offer.

In essence, Fitzgerald's sole justification for failing to comply with the settlement agreement and the court's protective orders is that "he would be forced to repeat the time consuming and expensive discovery process in the *Doula* action." Fitzgerald Affidavit, January 23, 1991, filed with plaintiff's motions, Clerk's Entry # 91.[5] This explanation is without merit. The court understands Fitzgerald's desire to accomplish discovery in an expeditious manner. However, when negotiations with opposing counsel proved unavailing, it was Fitzgerald's duty promptly to follow the settlement agreement he signed and obey the court's clear and unambiguous orders

or immediately seek court relief from the obligations. The court finds it inappropriate and unprofessional for Fitzgerald to belatedly file frivolous motions as attorney for the Kramers for the sole purpose of saving time and effort in discovery for a different client in a subsequently filed, separate action. The court further finds that Mr. Fitzgerald's dilatory conduct constitutes a failure to use reasonable diligence to comply with the protective orders.

In addition to the contempt power, the statute, 28 U.S.C. § 1927, authorizes the court to sanction attorney Fitzgerald for "unreasonably and vexatiously" multiplying these proceedings.

### Conclusion

IT IS ORDERED that:

1. All plaintiffs' motions (Clerk's Entries 90, 94, 97, 100) are DENIED.

2. Defendant's motion (Clerk's Entry 92) to enforce the settlement agreement and hold Mr. Fitzgerald in contempt is GRANTED; Attorney Fitzgerald shall forthwith comply with the settlement agreement and the court's protective orders and return all documents produced by Pratt & Whitney subject to the protective orders;

3. The court finds attorney Fitzgerald's conduct in violating the court's orders to be CONTEMPTUOUS and as additional punishment directs that he immediately satisfy the costs and attorneys' fees defendant has incurred because Fitzgerald has unnecessarily and vexatiously multiplied these proceedings.

---

**5.** Mr. Fitzgerald's stated justification is called into question by his repeated representations during oral argument that he has a sound working relationship with and reposes confidence in defendant's present counsel who has agreed to produce all the discovery documents if his pending motions before Judge Doty in the *Doula* case are denied.