MILLER BREWING COMPANY, Plaintiff,

v.

MEAL COMPANY, LTD., Defendant.

MEAL COMPANY, LTD., Plaintiff,

v.

MILLER BREWING COMPANY, Defendant.

Nos. 97–C–0769, 97–C–0895.

United States District Court, E.D. Wisconsin.

Feb. 12, 1998.

Daniel Janssen, David R. Cross, Quarles & Brady, Milwaukee, WI, Payne L. Templeton,

Orrick, Herrington & Sutcliffe, Los Angeles, CA, for Miller.

William J. James, Les J. Weinstein, Graham & James, Los Angeles, CA, for Meal.

## MEMORANDUM AND ORDER

ADELMAN, District Judge.

On June 19, 1997, Meal Company Ltd. filed a complaint against Miller Brewing Company in the Central District of California alleging, among other things, that Miller improperly terminated Meal's distributorship contract for Miller products in Taiwan (the "Taiwan Distribution Agreement"). Miller moved for dismissal of that case on July 15 pursuant to the forum selection clause contained in the Taiwan Distribution Agreement, which provides venue only in Milwaukee, Wisconsin, unless Miller otherwise consents. Also on July 15 Miller filed its own lawsuit in this court alleging breach by Meal of the Taiwan Distribution Agreement. The lawsuit in which Miller is plaintiff, case number 97–C–769 ("case 769" or the "Miller case"), was assigned to me.

Meanwhile, in the California case, rather than proceeding with the motion to dismiss, the parties stipulated to transfer the case to this district. Upon its arrival in the clerk's office on August 22 that case was assigned case number 97–C–895 ("case 895" or the "Meal case") and was directly assigned to Magistrate Judge Patricia J. Gorence. Miller subsequently answered the complaint in case 895 and asserted as counterclaims the very same claims it pled in case 769.

Meal filed a motion in case 895 to enjoin Miller from prosecuting case 769, arguing that case 895, even though given the higher number in this district, nevertheless is the "first-filed" lawsuit and has priority.[1] Shortly thereafter, Miller filed a motion in case 769 for consolidation of the two cases. Pursuant to Local Rule 4.03, consolidation in this district results in the lower-numbered lawsuit being the resultant case.

Magistrate Judge Gorence issued her decision in the Meal case first. On January 21, 1998, she declined to enjoin Miller's prosecution of case 769, finding that circumstances justified not adhering to the "first-filed" rule. Because she is a magistrate judge rather than an Article III judge, her order was appealable under 28 U.S.C. § 636. Meal appealed,[2] sending case 895 to a district judge for review of the order. That district judge also turned out to be me.

Therefore, currently before me are both Miller's motion in case 769 to consolidate case 895 with case 769 and Meal's appeal in case 895 of Magistrate Judge Gorence's order. I will address the motion to consolidate first, as my decision on it disposes of both matters.

Federal Rule of Civil Procedure 42(a) states that

[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The question whether consolidation will be useful is a matter within the court's discretion. *Kramer v. Boeing Co.*, 134 F.R.D. 256, 258 (D.Minn.1991); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 2382 and 2383. The rule is designed "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy

---

1. Under the "first-filed" rule, in cases of concurrent jurisdiction "the first court in which jurisdiction attaches has priority to consider the case." *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir.1993) (citations omitted). Courts generally follow the first-filed rule unless the "balance of convenience" or "special circumstances" favor the second action. *Rutlin v. United States*, 849 F.Supp. 34, 35 (E.D.Wis.1994) (Gordon, J.).

2. One of Meal's arguments is that Magistrate Judge Gorence could issue only a recommendation rather than an order, making Meal's appeal an objection instead and thereby changing the standard of review. *See* 28 U.S.C. § 636(b)(1). Because for the reasons described herein no review of Magistrate Judge Gorence's order is necessary, I state no opinion in regard to this matter.

while providing justice to the parties." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* at § 2381.

Local Rule 4.03 guides the procedure for consolidation in this district:

> When the consolidation of two or more cases is sought, whether for a limited purpose or for all future proceedings the motion to consolidate.... shall be decided by the district judge to whom the lowest numbered case is assigned. If the motion is granted, the judge to whom the lowest numbered case is assigned shall handle all future proceedings covered by the consolidation order.

> When two or more cases are consolidated, all documents relevant to the purposes for which consolidation was granted will thenceforth be docketed only on the docket sheet for the lowest numbered of the consolidated cases.

Rule 4.03 dispenses with any first-filed-in-any-court issue by making a bright-line rule based on case number and thus the date a case is opened *in this district. See, e.g., Western Publishing Co. v. Mindgames, Inc.,* No. 94–C–552 (E.D.Wis. Oct. 3, 1994) (Warren, J.) (declaratory action 94–C–552 filed by Western on 5/25/94; same case but with Mindgames as plaintiff filed same day in E.D. Ark., transferred to E.D. Wis. on 8/30/94 and given number 94–C–998; 94–C–998 consolidated into 94–C–552).

■ Case 769 is an action regarding an alleged breach by Meal of the Taiwan Distribution Agreement and other conduct justifying Miller's termination of that agreement. Case 895 is an action by Meal alleging that Miller's termination was unjustified. The parties admit that both cases arise out of the exact same agreement and the exact same set of facts. Meal itself admits that these two cases "are for all practical purposes identical." Brief in Opposition (Jan. 16, 1998) at 2. Meal in fact stated in its motion in case 895 that case 769 "arises out of the same facts and circumstances ... and is based upon allegations and claims for relief which are virtually identical to the allegations and claims for relief pleaded by Miller in the counterclaim [in case 895]". Rule 6.07 Mo-

tion for Order Enjoining Miller (Dec. 19, 1997) at 1.

Meal's only substantive argument against consolidation is that in case 895 the parties are further in the discovery process. "However, the fact that the actions are at different stages of trial preparation does not preclude consolidation automatically." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and, Procedure* § 2383. Although in case 895 the parties already completed initial mandatory discovery and served written discovery requests, and Magistrate Judge Gorence set a schedule pursuant to Federal Rule of Civil Procedure 16, all of this happened in just the last few months. Case 895 really is not that much more advanced than case 769, which was delayed only because Meal had to be served in Taiwan. More importantly, as the parties agree that the cases involve the same facts and issues, I see no reason why all of the discovery in the Meal case would not apply in the Miller case as well. I therefore reject this argument against consolidation.

During a conference call regarding this motion, the parties acknowledged the real reason for Meal's opposition to consolidation and for Miller's request to consolidate the "Meal" case into the "Miller" case. Both parties conceded that their real concern is who gets to call itself the plaintiff and, therefore, obtain the presumed advantage of being the first to address the jury. Meal thus appears to be fighting consolidation because of Local Rule 4.03.. As Meal stated to this court in its opposition brief, "[t]he parties agree that there is no good reason to have two separate actions—they only disagree concerning the proper judicial remedy." Brief in Opposition (Jan. 16, 1998) at 2. Meal believes that a stay of one case—case 769, which would leave the Meal case active—is the proper solution because the lawsuits are identical and the resolution of one will resolve the other as well.

The issue then is a matter of deciding which is the better course, consolidation or staying one case (and if the latter, which one?). I believe that in this situation, when lawsuits pending in the same court are basically identical but the parties are reversed,

consolidation is in order. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2384 ("When an action for declaratory relief is filed to determine a central issue of an already pending lawsuit between the same parties, consolidation is appropriate."). A stay or injunction against prosecution of one case would be appropriate if two lawsuits regarding the same matter were pending in different districts. *See Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir.1993) ("To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of *choosing among possible venues* when parallel litigation has been instituted in *separate courts,* to the party who first establishes jurisdiction." (emphasis added)). But when both cases are pending in the same district—let alone with the same judge—consolidation is preferable. *See* 6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1418 ("If [a] suit cannot be transferred, the district court in which [one] action was brought can stay its proceedings on condition that no objection is raised in the second forum to the assertion of the first action as a counterclaim, or the second forum may enjoin the parties from prosecuting the first suit. Of course, if both actions are pending before the same federal court, they can be consolidated in whatever manner is most convenient. . . .").

These two cases are perfect candidates for consolidation for all purposes, including trial. They not only share common questions of law or fact as required by rule 42(a), but are in fact the same lawsuit involving identical factual and legal issues. As both cases are now not only in the same forum but in the same branch of the court, consolidation of the cases will promote judicial economy and enable the court to resolve all current disputes between the parties in an expedited manner.

Meal seems to recognize that consolidation is fitting and likely to occur. In its appeal of Magistrate Judge Gorence's order, Meal concludes by saying that it "would have no objection to a consolidation of the cases as an alternative to a stay of Case No. 97–C–0769 as long as the remaining case is the one which it brought originally, and that Meal is able to proceed at the time of trial as the plaintiff." Objection of Meal (Feb. 2, 1998) at 10. The desire to have case 895 be the resultant action is in direct contravention of Local Rule 4.03, from which I see no need to deviate. Pursuant to Local Rule 4.03 if consolidation is ordered case 895 must be consolidated into case 769. The court can take suitable measures at trial to attempt to ensure that neither party will be advantaged or disadvantaged by the order in which the parties address the jury.

Because my decision to consolidate these two cases obviates any need to review Magistrate Judge Gorence's order, Meal's appeal of that order will be denied as moot.

**THEREFORE IT IS ORDERED** that Miller's motion to consolidate is **GRANTED** and case number 97–C–895 hereby is **CONSOLIDATED INTO** case number 97–C–769 for all purposes, including trial.

**IT FURTHER IS ORDERED** that Meal's appeal of Magistrate Judge Gorence's order is **DENIED** as moot.

**IT FURTHER IS ORDERED** that the court will conduct a telephonic scheduling conference on **Thursday, March 5, 1998, at 2:00 p.m.** to discuss whether the discovery and motion deadlines ordered in case 97–C–895 should apply to the consolidated case.