**BAKER INDUSTRIES, INC., Plaintiff,**

v.

**CERBERUS LIMITED, Defendant.**

**No. 82 Civ. 5347 (GLG).**

United States District Court,
S.D. New York.

Oct. 14, 1982.

Pennie & Edmonds, Jonathan A. Marshall, Brian M. Poissant, Richard J. McGrath, New York City, for plaintiff; Michael M. Rosenbaum, Budd, Larner, Kent, Gross & Rosenbaum, Newark, N.J., of counsel.

Cravath, Swaine & Moore, John E. Beerbower, and Brumbaugh, Graves, Donohue & Raymond, New York City, for defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

This is an action for a declaratory judgment. The plaintiff Baker Industries, Inc. (Baker) seeks a declaration that three United States patents owned by the defendant Cerberus Limited (Cerberus)[1] are invalid, void, unenforceable, and not infringed by Baker and that Baker does not utilize any information or knowledge that can be classified as "licensed know-how" under a 1973 license agreement. Before this Court is Cerberus's motion to dismiss the complaint on the ground that there is a prior similar action pending in the United States District Court for the District of New Jersey.[2]

Cerberus is a Swiss corporation with its principal place of business in Switzerland. Engaged in the business of designing, manufacturing, and distributing smoke detection devices, it owns numerous patents on such devices. Baker is a Delaware corporation with its principal place of business in New Jersey. Pursuant to a 1973 license agreement with Cerberus (1973 Agreement), it has had the exclusive right to make, use, and sell in the United States, Canada, and Mexico, smoke detection devices embodying some of Cerberus's patent rights and "licensed know-how."[3]

Recently, Baker began manufacturing and marketing the DI-3 smoke detector (DI-3). For reasons not germane to the present motion, Cerberus claimed that this action constituted a breach of the 1973 Agreement. When Baker did not cease production and distribution of the DI-3, Cerberus, on March 31, 1982, invoked the termination clause in the 1973 Agreement. The effective date of termination was April 7, 1982.

The dispute over the DI-3 has spawned two proceedings besides this one. (Both are still pending.) On February 22, 1982, Baker, pursuant to the 1973 Agreement, filed a demand for arbitration with the American Arbitration Association to determine whether Baker breached the agreement and whether Cerberus had a right to terminate the agreement. On February 23, 1982, Baker filed suit in New Jersey Superior Court to enjoin Cerberus from terminating the 1973 Agreement until the completion of the arbitration. After removing the case to the United States District Court for the District of New Jersey, Cerberus filed an "Amended Answer and Counterclaim" alleging, *inter alia*, that "Baker's continued manufacture and distribution of the DI-3 . . ., without Cerberus's consent, and its use of the Cerberus mark and name on said device constitutes unlawful use and infringement of the

---

1. The patents bear numbers 3,353,170; 3,521,263; and 4,074,341.

2. Cerberus has also asked for an award of costs and attorney's fees incurred in filing the motion, but has not briefed the issue. This Court declines to make such an award at this time.

3. Baker and its predecessor company have had such an exclusive right since 1951.

Cerberus patents and know-how covered by the [1973] Agreement." Amended Answer and Counterclaim ¶ 74. *Baker Industries, Inc. v. Cerberus Ltd.,* No. 82 Civ. 526 (D.N.J., filed Feb. 23, 1982). In response to this counterclaim, two of the affirmative defenses raised by Baker were that three of Cerberus's patents (the same ones at issue in this case) are invalid, void, unenforceable, and not infringed by Baker, and that the DI–3 does not embody any "licensed know-how" covered by the 1973 Agreement.[4]

This action was commenced on August 12, 1982, and this motion to dismiss was filed on September 2, 1982. On this motion, Cerberus argues that dismissal is warranted because the issues in this action are identical to some of the issues in the New Jersey action. For the reasons stated below, we agree that this action should not proceed in the face of the New Jersey action, but believe that it should be stayed, rather than dismissed.[5]

■ When two actions involving the same parties and issues are pending in two district courts, there is a danger of inconsistent results and duplication of judicial effort. *See Horn & Hardart Co. v. Burger King Corp.,* 476 F.Supp. 1058, 1059 (S.D.N.Y.1979). Thus, sound judicial administration requires that, in such circumstances, priority be given to the first action filed unless the balance of convenience favors the second action or unless special circumstances justify giving the second action priority. *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir. 1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *William Gluckin & Co. v. International Playtex Corp.,* 407 F.2d 177, 178 (2d Cir. 1969).

The present action falls within the ambit of this general rule. The parties to both actions, Baker and Cerberus, are identical. The issues in both actions are also identical. Two of the issues raised by the pleadings in the New Jersey action are whether three of Cerberus's patents are invalid, void, unenforceable, and not infringed by Baker and whether Baker utilizes any of Cerberus's "licensed know-how." These are precisely the issues raised by Baker's suit in this Court. Thus, if both actions go forward, the danger of inconsistent results and duplication of judicial effort is clear.

■ The only tenable argument proffered by Baker against deferring to the New Jersey action centers on the possibility of delay in the New Jersey action. In the "Wherefore" clause of its counterclaim for patent infringement in the New Jersey action, Cerberus asked for judgment in its favor "following the completion of arbitration of all arbitrable disputes." Amended Answer and Counterclaim, Fifth Count, Wherefore Clause, *Baker Industries, Inc. v. Cerberus Ltd.,* No. 82 Civ. 526 (D.N.J., filed Feb. 23, 1982). Consequently, Baker argues that dismissal of this action would consign it "to the limbo of the New Jersey forum to await for an additional indeterminate period the final outcome of the arbitration [before the issue of patent validity is litigated]." Memorandum of Plaintiff in Opposition to Defendant's Motion to Dismiss at 8.

Several considerations, however, lead to the conclusion that this is not a sufficiently "special circumstance" to warrant deviation from the general rule. First, a decision in the arbitration should be reached in the not too distant future. Although nothing has been guaranteed by the arbitrators, Cerberus's attorney notes that the arbitration schedule "envisages a hearing late in November and a decision, perhaps, by the end of the year." Beerbower Affidavit ¶ 9. Second, that the arbitration has not pro-

---

**4.** It should be noted that the district court denied Baker's request for an injunction precluding Cerberus from terminating the 1973 Agreement until the completion of arbitration, and the Third Circuit has affirmed the decision.

**5.** Cerberus also contends that Baker's request for a declaratory judgment that Baker does not

utilize any of Cerberus's "licensed know-how" must be dismissed because it seeks to preempt the determination of facts in the pending arbitration. In light of the disposition of this motion, this Court need not consider this argument.

ceeded apace results from Baker's actions. For example, after several requests by Baker delayed the scheduling of the arbitration hearings, the arbitrators, on July 20, 1982, finally scheduled the hearings for September 16 and 17, 1982. Three days later, however, Baker again requested a delay in the hearings. Cerberus objected, and at a pre-arbitration hearing on September 9, 1982, the present schedule was set. Finally, it was Baker that raised the issue of patent invalidity in the New Jersey action before it brought this action. It easily could have avoided the perceived "limbo of the New Jersey forum" and sought to accomplish in the New Jersey action what it seeks to accomplish here by simply amending its complaint to add a request for declaratory relief, rather than resting upon its reply to a "contingent" counterclaim.

Considerations of judicial economy make it appropriate to defer to the New Jersey action and allow the patent and "licensed know-how" disputes to be resolved in one forum—the United States District Court for the District of New Jersey. This Court, however, believes it preferable to stay, rather than dismiss, the action because a stay will effectuate the purposes of a dismissal, but allow the Court to activate the case if warranted by changed circumstances.

Accordingly, this action is stayed. The Clerk will place it on the suspense calendar pending further directions from the Court.

SO ORDERED.