**UNILEASE COMPUTER CORPORATION,**
Plaintiff,

v.

**MAJOR COMPUTER INCORPORATED,**
**Defendant, and Third–Party Plaintiff,**

v.

**STATISTICAL TABULATING CORPORATION, Third–Party Defendant.**

No. 88 Civ. 0682 (JMC).

United States District Court,
S.D. New York.

July 6, 1989.

---

Nixon, Hargrave, Devans & Doyle by Robert B. Calihan, New York City, for plaintiff Unilease Computer Corp.

Popham, Haik, Schnobrich & Kaufman by Julie Fleming–Wolfe, Minneapolis, Minn., White & Case by Paul J. Bschorr, New York City, for defendant and third-party plaintiff Major Computer Inc.

Schuyler, Roche & Zwirner by L. Andrew Brehm, Chicago, Ill., Hughes Hubbard & Reed by John S. Allee, New York City, for third-party defendant Statistical Tabulating Corp.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Third-party defendant's motion to strike the third-party complaint is granted. Fed. R.Civ.P. 14(a).

## BACKGROUND

Defendant and third-party plaintiff Major Computer, Inc. ["Major"] is a broker of computer equipment engaged in the business of bringing together potential vendors and customers of computer hardware components. Third-party defendant Statistical Tabulating Corp. ["Stat Tab"] is a computer service bureau engaged in the business of providing data processing, computer programming and computer consulting services. On or about July 22, 1986, Major entered into a lease agreement ["Master Lease Agreement"] with Stat Tab whereby Major was to deliver a mainframe computer central processing unit ["CPU"] and various disk drives to Stat Tab. In addition to the Master Lease Agreement, Major and Stat Tab executed seven schedules which describe and govern particular portions of the overall group of components Major leased to Stat Tab. Schedule A–1 governs the mainframe CPU. Schedule A–2 governs the disk drives and associated equipment.

In order to fulfill its obligations under the Master Lease Agreement, on or about July 29, 1986, Major entered into a lease agreement [the "Sublease Agreement"] with plaintiff Unilease Computer Corporation ["Unilease"] whereby Unilease was to rent certain disk drives to Major. On or about August 18, 1986, after receiving the disk drives from Unilease, Major delivered them to Stat Tab's premises. Thereafter, Stat Tab executed a formal acceptance of the equipment.

Stat Tab failed to pay rent on the leased equipment alleging that the CPU delivered by Major was not the model it had contracted to lease. Thereafter, a dispute arose between Major and Stat Tab regarding Stat

Tab's obligation to pay rent on the disk drives. On or about May 8, 1987, Stat Tab initiated an action against Major in the United States District Court for the Northern District of Illinois [the "Illinois action"] claiming damages as a result of Major's failure to deliver the correct CPU. In response, Major filed a counterclaim contending that Stat Tab had breached the Master Lease Agreement and Schedule A–2 by failing to make rent payments on the disk drives. Major also alleged that Stat Tab had breached the Master Lease Agreement by refusing to pay the interest due on the late rent payments. Discovery has begun in the Illinois action and, on or about July 23, 1987, Major filed a motion for partial summary judgment on its counterclaim. That motion is *sub judice.*

On or about February 1, 1988, Unilease initiated the instant action against Major seeking damages for Major's alleged failure to make $100,892 in rental payments on the disk drives subleased to Stat Tab. On or about March 14, 1988, Major filed a third-party complaint against Stat Tab seeking damages for Stat Tab's alleged failure to pay rent on the disk drives. Stat Tab now moves for an order striking the third-party complaint or, in the alternative, for an order severing the third-party complaint and transferring it to the United States District Court for the Northern District of Illinois. Major opposes the motion. Unilease has taken no position on the motion.

### DISCUSSION

Rule 14 of the Federal Rules of Civil Procedure provides in pertinent part:

At any time after the commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.... Any party may move to strike the third-party claim, or for its severance or separate trial.

Fed.R.Civ.P. 14(a).

Stat Tab moves to strike the third-party complaint arguing that Major's obligation to Unilease exists independent of any obligation that Stat Tab may have to Major. Major opposes the motion contending that Stat Tab is liable for Unilease's claim against Major as any liability flowing from Major to Unilease is a direct result of liability flowing from Stat Tab to Major.

Third-party practice or impleader is permitted under the Federal Rules of Civil Procedure only where the defendant can show that if he is found liable to the plaintiff then the third-party defendant will be liable to him. *See Southeast Mortgage Co. v. Mullins,* 514 F.2d 747, 749 (5th Cir. 1975). "The procedural device of impleader may be utilized only when the third-party complaint necessarily depends upon the outcome of the main claim against the defendant." *Index Fund v. Hagopian,* 417 F.Supp. 738, 744 (S.D.N.Y.1976).

[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim....

The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be "liable *secondarily* to the original defendant in the event that the latter is held liable to the plaintiff." ... Stating the same principal in different words, other authorities declare that the third party must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery, ... or that the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant, ... it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.

*United States v. Joe Grasso & Son, Inc.,* 380 F.2d 749, 751–52 (5th Cir.1967) (cita-

tions and footnotes omitted) (emphasis in original). Thus, under Rule 14 a third-party plaintiff's claim against a third-party should accrue only upon a finding of defendant's liability to the plaintiff on the main claim. *See Index Fund,* 417 F.Supp. at 744.

■ Major's claim against Stat Tab is neither derivative of, nor dependent on the outcome of Unilease's claim against Major. As evidenced by Major's counterclaim filed in the Illinois action each lease agreement exists independently of the other. Major's counterclaim in the Illinois action was filed ten months prior to the third-party complaint in the instant action. Unilease, however, has never been named as a party in the Illinois action. Major's claim against Stat Tab accrued prior to a finding that Major is liable to Unilease.

Moreover, Major's claim against Stat Tab does not arise out of the same transaction or instrument as Unilease's claim against Major. The Master Lease Agreement executed by Major and Stat Tab does not refer in any way to Unilease or the Sublease Agreement. While the Sublease Agreement contemplates Major's sub-sublease of the equipment leased from Unilease, it does not refer in any way to Stat Tab or the Master Lease Agreement. Indeed, the Sublease Agreement between Unilease and Major expressly provides that:

> In no event shall any further sublease by Sublessee [Major] relieve Sublessee [Major] of any of its obligations [to Unilease] hereunder until termination thereof in accordance with the terms of this sublease.

Complaint, Exh. A at ¶ 15(f), 88 Civ. 0682 (JMC) (S.D.N.Y. Feb. 1, 1988).

Furthermore, Major has failed to point to a clause in either agreement which indicates an intent to incorporate the other agreement by reference. Rather, Major relies on the assertion that Unilease subleased the disk drives to Major with the *implicit* understanding that those disk drives would be sub-subleased to a third party to support the proposition that its liability to Unilease is contingent upon Stat Tab's liability to it. This assertion, how-

ever, is insufficient, as a matter of law, to contradict the express and unambiguous terms of the Sublease Agreement. Clearly, Major's obligation to pay rent to Unilease was not contingent on Stat Tab's making rent payments to Major.

Stat Tab also argues that the third-party complaint should be dismissed because it is essentially identical to Major's counterclaim in the Illinois action. Major argues in opposition, however, that while the factual backgrounds of the two cases are indeed similar, the issues presented and the parties involved are different.

> When two actions involving the same parties and issues are pending in two district courts, there is a danger of inconsistent results and duplication of judicial effort.... Thus, sound judicial administration requires that, in such circumstances priority be given to the first action filed unless the balance of convenience favors the second action or unless special circumstances justify giving the second action priority.

*Baker Industries, Inc. v. Cerberus, Ltd.,* 549 F.Supp. 312, 314 (S.D.N.Y.1982); *see also Semmes Motors, Inc. v. Ford Motor Company,* 429 F.2d 1197, 1203 (2d Cir. 1970).

■ The relevant factors in determining whether "the balance of convenience" is sufficiently compelling to outweigh the priority afforded to a prior action are (1) the adequacy of the relief available in the alternative forum; (2) promotion of judicial efficiency; (3) the identity of the parties and the issues in the two actions; (4) the likelihood of prompt resolution in the alternative forum; (5) the convenience of the parties, counsel and witnesses; and (6) the possibility of prejudice to any party. *See Continental Time Corp. v. Swiss Credit Bank,* 543 F.Supp. 408, 410 (S.D.N.Y.1982).

■ Weighing these factors in the instant action, the Court concludes that the third-party complaint should be dismissed. First, both the third-party complaint and the counterclaim are pending in federal courts and Major, therefore, may obtain the same relief in either forum.

**494**

Second, judicial economy will be promoted by dismissal of the third-party complaint. In contrast to the instant action, all necessary pleadings have been filed in the Illinois action. Indeed, a motion for partial summary judgment is *sub judice* in the Illinois action. Clearly, the duplication of the pleadings and briefs on the motion would be an inefficient use of judicial resources.

Third, the parties to both actions, Major and Stat Tab, are identical. The issues in both actions are identical. The gravamen of Major's complaint in the counterclaim in the Illinois action is that Stat Tab breached the Master Lease Agreement by its failure to pay rent on the disk drives. This is precisely the issue asserted in the third-party complaint. Thus, if both actions go forward, the danger of inconsistent results is clear.

Fourth, substantial discovery has been conducted in the Illinois action and the date for the submission of a pretrial order is set. As discussed above, should Major prevail on the instant motion, Stat Tab would have to file an answer to the third-party complaint before discovery could begin. A prompt resolution of the parties' dispute, therefore, is more likely to occur in the Illinois action.

Fifth, Major does not dispute that the federal court in Illinois is a more convenient forum for the parties, counsel and witnesses. Sixth, both Stat Tab and Unilease would be prejudiced if the third-party action was allowed to proceed. Stat Tab would be prejudiced in that it would be deprived of its choice of forum. Additionally, it would be required to bear the cost and expense, including the hiring of New York counsel, of duplicative litigation in two different forums. Furthermore, Unilease's action, already delayed due to the pendency of the instant motion, would be delayed considerably further if the third-party action was permitted to go forward. On the other hand, Major would not suffer any prejudice if the third-party action is dismissed as it would still be able to litigate its claims in the Illinois federal court. Ac-

cordingly, Stat Tab's motion to strike the third-party complaint is granted.

Finally, Major argues that dismissal of the third-party complaint is the most drastic form of relief available and not warranted in this action. Major contends that a stay of the third-party complaint would effectuate the purpose of a dismissal, but allow the Court to activate the case if necessitated by a change of circumstances. Stat Tab has indicated to the Court that it does not oppose the imposition of a stay. *See* Reply Memorandum at 2, 88 Civ. 0682 (JMC) (S.D.N.Y. Sept. 23, 1988). Accordingly, the third-party action is stayed.

### CONCLUSION

Third-party defendant's motion for an order striking the third-party complaint is granted. Fed.R.Civ.P. 14(a). The third-party action is stayed pending further directions from the Court. All discovery in the main action must be completed within ninety (90) days of the filing of this Order.

SO ORDERED.