(s) <u>Thomas S. Broge</u>
Employee's Signature
(s) <u>Willowbrook, Illinois</u>
Place of Signature
(City and State)
08-28-84
Date of Signature

**Luis VELTZE, Plaintiff,**

**v.**

**BUCYRUS–ERIE COMPANY, Defendant.**

**No. 91–C–523.**

United States District Court, E.D. Wisconsin.

June 2, 1992.

Michael J. Cieslewicz, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On April 25, 1991, plaintiff Luis Veltze, presently a citizen of Bolivia, commenced this action in the circuit court for Milwaukee county against his former employer, Bucyrus–Erie Company. On May 20, 1991, the defendant, a Delaware corporation with its principal place of business in South Milwaukee, Wisconsin, removed the action on the ground that diversity of citizenship existed between the parties. *See* 28 U.S.C. §§ 1332(a)(2) and 1441 et seq. On March 10, 1992, the defendant filed a motion to stay the proceedings.

By letter of April 14, 1992, I informed the parties that the defendant's motion would be held in abeyance pending supplemental briefing on the propriety of the removal action. *See* 28 U.S.C. § 1441(b) (diversity action is removable "only if none of the parties ... served as defendants is a citizen of the state in which such action is brought.")

On April 22, 1992, the defendant filed its brief in support of removal and the court's jurisdiction; the plaintiff, by letter of April 28, 1992, disclosed that he was "in accord with the the defendant's submission." For the reasons set forth below, the action will not be remanded to circuit court for Milwaukee county. In addition, the defendant's motion to stay the proceedings will be denied.

### I.

According to the complaint, the plaintiff was hired by the defendant on January 20, 1970, as a field service engineer in Milwaukee and, in August 1982, was assigned to a position in Lima, Peru. On November 11, 1985, the plaintiff was discharged from the employ of the defendant. The plaintiff asserts that the defendant wrongfully discharged him and has violated the employment contract by failing to pay for the plaintiff's relocation expenses to the United

Michael J. Cohn, Milwaukee, Wis., for plaintiff.

States. In addition to the action proceeding in this court, the plaintiff has commenced an action (based on the same alleged occurrences) in a Peruvian court. In the Peruvian action, he apparently seeks to recover substantially the same relief.

## II.

■ Federal district courts are courts of limited jurisdiction, and they have an affirmative duty to ensure that they have jurisdiction to hear the case or controversy before it. Mansfield, *Coldwater & Lake Michigan Railway v. Swan,* 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884); *National Western Life Insurance Co. v. Fischer,* 722 F.Supp. 554 (E.D.Wis.1989) (Reynolds, J.). Here, the sole basis for the defendant's removal of this action is diversity of citizenship between the parties. (Notice of Removal at ¶ 4.) It is undisputed that this court has subject matter jurisdiction of this action insofar as diversity of citizenship exists between the parties. 28 U.S.C. § 1332(a).

Where removal is based upon diversity of citizenship, the applicable statute is 28 U.S.C. § 1441(b) which provides (with emphasis added) that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action* shall be removable *only* if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This statute must be read in light of 28 U.S.C. § 1447(c) which provides (with emphasis added) that:

> A motion to remand the case on the basis of any defect in removal procedure *must be made within 30 days* after the filing of the notice of removal under section 1446(a).

■ It is undisputed that defendant Bucyrus–Erie Company is a citizen of the state of Wisconsin—the state where the action was brought. Thus, under 28 U.S.C.

§ 1441(b), the action was improperly removed to this court. However, under 28 U.S.C. § 1447(c), an objection to removal based on a "procedural defect" must be raised within 30 days from the filing of the notice of removal, or the objection is waived. Here, the plaintiff raised no objection to removal; in fact, the plaintiff expressly consented to removal of the action in his letter of April 28, 1992. If this defect to a proper removal (as codified in 28 U.S.C. § 1441(b)) amounts to a "procedural defect" then, under 28 U.S.C. § 1447(c), it can be waived by the plaintiff if an objection to removal is not raised within 30 days after the filing of the notice.

■ Although the court of appeals for the seventh circuit has not explored this issue, the court of appeals for the fifth circuit has determined that the 30 day time limit set forth in 28 U.S.C. § 1447(c) applies to all motions for remand, "except in cases in which the court lacks subject matter jurisdiction." *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1546 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991) (*citing In re Shell Oil Co.,* 932 F.2d 1523, 1527 n. 6 (5th Cir.1991)). It is undisputed that the defect at issue in the present action does not affect the existence of subject matter jurisdiction; the fact that the defendant is a citizen of the forum state is a procedural defect in removal that can be (and has been) waived by the plaintiff. *See Baris,* 932 F.2d at 1546. Accordingly, I am convinced that I have jurisdiction to hear this action irrespective of any procedural defects in the removal process; thus, without further order, the action will remain in this court.

## III.

### A.

■ In its motion, the defendant requests a stay of the proceedings in this court pending resolution of the action that has been commenced in Peru. The decision to grant a motion to stay proceedings is within the court's discretion. *S.E.C. v. Joseph Schlitz Brewing Co.,* 452 F.Supp. 824 (E.D.Wis.1978) (Gordon, J.). The court's

power to stay proceedings derives from its power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Joseph Schlitz Brewing Co.,* 452 F.Supp. at 833 *(citing Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936)).

The United States Supreme Court has enunciated various factors to be considered when a court is evaluating a motion to stay proceedings where there is a federal court proceeding and a parallel state court proceeding. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The court of appeals for the seventh circuit has determined that these factors are equally relevant, where, as here, an alternate tribunal of another country and not that of a state is involved. *See Ingersoll Milling Machine Co. v. Granger,* 833 F.2d 680, 685 (7th Cir.1987).

The relevant factors include:

(1) inconvenience of the federal forum; (2) the desirability of avoiding piecemeal litigation; (3) the order in which jurisdiction was obtained by the concurrent forums; (4) the order in which jurisdiction was obtained over property by the courts.

*Moses H. Cone Memorial Hospital,* 460 U.S. at 15–16, 103 S.Ct. at 937. "No one factor is necessarily determinative," and, in assessing these factors, a court is to be mindful of the obligation to exercise jurisdiction. *Colorado River Water Conservation District,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47.

### B.

The defendant's first argument in support of its motion is that to allow both actions to proceed would result in a waste of judicial resources and unfairness to the litigants insofar as both actions seek "substantially the same relief." The defendant asserts in its reply brief (with *no* supporting evidence) that the litigation in Peru and in this court involve the same parties, and the same issues.

■ Notwithstanding the similarity, if any, between the action in this court and the action pending in the Peruvian court, this court has a strong interest in adjudicating and enforcing the rights at issue: those that derive from an employment contract that was entered into in Wisconsin between a resident of the state of Wisconsin and a corporation with its principal place of business in Wisconsin. Further, this court's familiarity with Wisconsin law, presumably the applicable law even in the Peruvian action (it is undisputed that Wisconsin law governs the controversy in this court) militates toward the denial of the stay. Thus, I believe that the retention of jurisdiction by this court will not constitute a waste of judicial resources and will not result in piecemeal litigation.

■ The defendant also argues that this court should abstain from exercising its jurisdiction and grant the motion to stay the proceedings in this court because the plaintiff's interests would be adequately protected through his action in the Peruvian courts. Without more, I do not believe that this unsubstantiated assertion justifies the exceptional remedy of abstention. The jurisdiction of this court has properly been invoked, and the foreign court has not yet rendered a judgment. *See Ingersoll Milling Machine Co.,* 833 F.2d at 684 (affirming district court's order staying the proceedings *after* a Belgian court, exercising concurrent jurisdiction, had rendered a judgment although the stay had been denied until then); *Cf. Colorado River Water Conservation District,* 424 U.S. at 813, 96 S.Ct. at 1244 (absent *exceptional* circumstances, federal court has obligation to exercise jurisdiction concurrently with state court).

Moreover, the defendant has failed to demonstrate, or even to assert, that the inconvenience of the federal forum or the order in which jurisdiction was obtained favors a stay of the proceedings in this court. Accordingly, I believe that it is the better exercise of discretion to deny the defendant's motion to stay the proceedings.

## ORDER

Therefore, IT IS ORDERED that the defendant's motion to stay the proceedings be and hereby is denied, with costs.