**UNITED STATES of America, Plaintiff,**

v.

**Kevin COSTELLO and James Thompson, Defendants.**

No. 92–C–576.

United States District Court, E.D. Wisconsin.

Dec. 15, 1992.

John A. Marrella, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for plaintiff.

Jacobson, Harwood, Brill & Bennett by Robert S. Brill, Minneapolis, MN, for Costello.

Whyte & Hirschboeck by John F. Emanuel, Milwaukee, WI, for defendants.

DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Presently before this court is defendant Kevin Costello's motion to stay proceedings in the above-captioned action. The motion is opposed by both the government and defendant James Thompson. The motion will be denied.

I. BACKGROUND

The government commenced the above-captioned action [the Wisconsin action] on May 29, 1992, to reduce to judgment its tax assessments against Mr. Costello and Mr. Thompson. Jurisdiction is pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a). On or about October 17, 1988, a tax assessment, pursuant to 26 U.S.C. § 6672, was made against Mr. Costello in the amount of $63,989.96 for Federal Insurance Contribution Act (FICA) taxes due from Thompson/Costello & Associates for the fourth quarter of 1986, all quarters of 1987, and the first quarter of 1988. On or about February 26, 1990, a similar assessment for $63,989.96 was made against Mr. Thompson. It is the position of the government that Mr. Costello and Mr. Thompson

are jointly and severally liable for a tax assessment totalling $63,989.96 even though they have both received identical assessments for that amount covering the same periods of time.

The government alleges in its complaint that Mr. Costello has since made payments of $48,738.79 on his assessed penalty and that he continues to owe $15,251.17 plus statutory interest from the date of the assessment. The government alleges that Mr. Thompson has made no payments, but it concedes that it cannot collect $63,989.96 from both defendants.

Prior to the commencement of the Wisconsin action, Mr. Costello filed a refund suit against the government in United States District Court for the District of Minnesota (Case No. 3–92–167) [the Minnesota action]. In his complaint, he alleges that although he has paid over $56,000 of the tax assessment against him, he is not liable for any penalty under 26 U.S.C. § 6672. Therefore, he requests a "refund of any amounts to be paid or to be paid on the penalty assessment."

Mr. Costello's complaint also alleges that he "handled sales, marketing and sales management functions" while with Thompson/Costello & Associates and that "payroll, disbursement of funds, banking, accounting, finance and day-to-day administrative functions of the company (other than sales and marketing) were handled by James Thompson and persons other than Costello." Mr. Thompson is not a party to the Minnesota action.

The government states in its brief opposing Mr. Costello's motion to stay that it filed suit in this district court rather than filing a counterclaim in the Minnesota action because it could not obtain personal jurisdiction in the Minnesota action over Mr. Thompson who it believes is also a responsible person for the unpaid FICA taxes. An affidavit by Mr. Thompson filed with his brief opposing Mr. Costello's motion states that he has never resided in or had a place of business or employment in Minnesota. Mr. Thompson's affidavit also avers that potential witnesses having evidence or testimony that is material to the tax liability of himself and Mr. Costello reside in or near Milwaukee, Wisconsin.

On June 16, 1992, the government filed a motion to stay proceedings in the Minnesota action pending the disposition of the Wisconsin action. That motion was heard by a federal magistrate in Minnesota on July 30, 1992. The magistrate issued his decision denying the government's motion to stay on August 19, 1992. Since that time, the Minnesota action has been proceeding towards trial in accordance with a pretrial schedule issued by the Minnesota district court on July 9, 1992.

## II. ANALYSIS

The decision to grant a motion to stay proceedings is within the court's discretion. *Veltze v. Bucyrus–Erie Co.,* 791 F.Supp. 1363, 1365 (E.D.Wis.1992). However, there do not appear to be any decisions of courts in this circuit clarifying how such discretion should be exercised in circumstances such as those present before this court where two federal court actions concerning predominately the same issues and parties have been filed in different federal districts. This matter is complicated further by the fact that a motion to stay brought by the government has already been denied in the Minnesota action.

Mr. Costello asks this court to follow the "first-filed" rule that other circuits have adopted to decide which court should resolve litigation when parallel actions have been filed in different federal district courts. That rule generally requires that " '[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.' " *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969, 971 (3d Cir.1988). *See also Orthmann v. Apple River Campground,* 765 F.2d 119, 121 (8th Cir.1985) ("[C]ourts follow a 'first to file' rule that where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."); *Igloo Products Corp. v. Mounties, Inc.,* 735 F.Supp. 214, 217 (S.D.Tex.1990) ("Courts in the Fifth Circuit generally follow a 'first-filed rule' in deciding which court should maintain

jurisdiction over claims that arise out of the same subject matter but are pressed in different suits."). If that general rule were followed, the Wisconsin action should be stayed since the government filed its suit second in time to the Minnesota action.

The government acknowledges the first-filed rule but argues that the rule "is not one of absolutes." *Koch Engineering Co., Inc. v. Monsanto Co.*, 621 F.Supp. 1204, 1207 (D.C.Mo.1985). There is support for this position in the circuits that follow the first-filed rule. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1174 (11th Cir.1982) ("In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case."); *Igloo Products*, 735 F.Supp. at 217 ("In determining whether to apply the first-filed rule, the Court must also determine whether sufficiently 'compelling circumstances' exist to avoid the rule's application.").

While the court of appeals for the seventh circuit has not examined the first-filed rule under the present facts in which two apparently legitimate actions have been filed in different federal forums, it has done so in circumstances in which a party has intentionally filed a pre-emptive declaratory judgment action as a means to secure a favorable forum. In these "race to the courthouse" type cases the seventh circuit "has never adhered to a rigid 'first to file' rule." *Tempco Electric Heater Corp. v. Omega Engineering*, 819 F.2d 746, 750 (7th Cir.1987). This position of the court of appeals for the seventh circuit suggests that it would probably not follow a rigid first-filed rule in the face of conflicting pressures.

The critical question then becomes what are sufficient "compelling circumstances" to justify dispensing with the first-filed rule such that Mr. Costello's stay should not be granted. A decision from the Southern District of New York is helpful in resolving this question. In that case the court articulated the first-filed rule as follows (emphasis added):

> When two actions involving the same parties and issues are pending in two district courts, there is a danger of inconsistent results and duplication of judicial effort.... Thus, sound judicial administration requires that, in such circumstances priority be given to the first action filed unless *the balance of convenience* favors the second action or unless *special circumstances* justify giving the second action priority.

*Unilease Computer Corp. v. Major Computer Inc.*, 126 F.R.D. 490, 493 (S.D.N.Y. 1989) (citing *Baker Indus., Inc. v. Cerberus, Ltd.*, 549 F.Supp. 312, 314 (S.D.N.Y. 1982)). The court then listed the following factors as relevant in determining whether the "balance of convenience" and "special circumstances" are "sufficiently compelling to outweigh the priority afforded to a prior action":

> (1) the adequacy of the relief available in the alternative forum; (2) promotion of judicial efficiency; (3) the identity of the parties and the issues in the two actions; (4) the likelihood of prompt resolution in the alternative forum; (5) the convenience of the parties, counsel and witnesses; and (6) the possibility of prejudice to any party.

*Id.*

Only this court can provide adequate relief to all parties because only this court has jurisdiction over all persons necessary for the resolution of this litigation.

Mr. Costello could bring his refund claim, the subject of the Minnesota action, as a counterclaim in the Wisconsin action. Conversely, the government cannot fully counterclaim against both Mr. Costello and Mr. Thompson in the Minnesota action because Mr. Thompson is not a party to that action and cannot be joined as a party since he is not subject to personal jurisdiction in that state. Consequently, one way, or another, there would have to be additional litigation to account for Mr. Thompson's interests that are not represented in the Minnesota action.

While the issues and parties in the Minnesota action and the Wisconsin action are similar, they are not identical. As noted, Mr. Thompson is not a party to the Minnesota action. The Minnesota action is

a refund action whereas the Wisconsin action is to reduce tax assessments to judgment. The government is entitled to pursue fully its action against both Mr. Costello and Mr. Thompson.

There is undisputed evidence that this district is a more convenient and equitable forum for the resolution of the litigation between all parties. Virtually all the material witnesses, except for Mr. Costello, are located in the Milwaukee area and thus could be subpoenaed to appear in the Wisconsin action. This would not be true for the Minnesota action. *See* Rule 45(b)(2), Federal Rules of Civil Procedure. Both Mr. Thompson and the government might be prejudiced if the Wisconsin action were stayed in deference to the Minnesota action.

From the limited record before this court, I believe the real controversy lies between Mr. Costello and Mr. Thompson. No one seems to dispute that someone owes the government FICA taxes. If the Wisconsin action were stayed, then Mr. Thompson would either have to submit to the jurisdiction of the Minnesota district court or permit Mr. Costello to claim, in the Minnesota action, without opposition, that Mr. Thompson, and not he, is liable for the owed taxes.

The better manner in which to resolve this litigation is to have all parties in one action. That is the situation before my court but not in the Minnesota action.

## ORDER

Therefore, IT IS ORDERED that Mr. Costello's motion to stay proceedings be and hereby is denied.