**Melvin RUTLIN, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

No. 93–C–647.

United States District Court,
E.D. Wisconsin.

April 12, 1994.

Howard, Solochek & Weber by Albert Solochek and David A. Weber, Milwaukee, WI, for plaintiff.

U.S. Dept. of Justice by Thomas P. Schneider, U.S. Atty. and Mary E. Bielefeld, Trial Atty., Tax Div., Washington, DC, for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Presently before the court is the motion of the United States to stay proceedings in the above-captioned action. The motion will be denied.

### I. BACKGROUND

The plaintiff, Melvin Rutlin, commenced this action ["the Wisconsin action"] on June 24, 1993, seeking a refund from the United States of a $200 partial payment made by him of a penalty assessed against him by the Internal Revenue Service ["the IRS"] pursuant to 26 U.S.C. § 6672 for certain withholding taxes of Kessler, Inc., a Michigan corporation. In addition, Mr. Rutlin seeks an abatement of $183,604.02, the balance of the assessment. The assessment was based on the IRS's determination that the plaintiff was a responsible person who failed to pay the employment taxes of Kessler, Inc. to the United States for the second, third and fourth quarters of 1990.

On December 30, 1993, the United States filed an action in the United States District Court for the Western District of Michigan ["the Michigan action"] against Mr. Rutlin and four other defendants—Patrick Clancy, Norwest Business Credit, Inc., ["Norwest"] Donna White and Thomas White—seeking to reduce to judgment the 26 U.S.C. § 6672 tax assessments that are the subject of the Wisconsin action. It is the theory of the United States that the five defendants in the Michigan action are jointly and severally liable for the assessments.

On January 28, 1994, the United States filed a motion to stay all discovery in the Wisconsin action until a final judgment is rendered in the Michigan action. By decision and order of March 15, 1994, I granted the United States' motion to stay discovery pending my resolution of the instant motion of the United States to stay the Wisconsin action in its entirety.

### II. ANALYSIS

The decision to grant a motion to stay proceedings is within the court's discretion. *United States v. Costello*, 809 F.Supp. 56, 57 (E.D.Wis.1992) (citing *Veltze v. Bucyrus–Erie Co.*, 791 F.Supp. 1363, 1365 (E.D.Wis.1992)). Generally, where two courts have concurrent jurisdiction, courts will follow a "first to file" rule which requires the court which first has possession of the subject to decide it. *Costello*, 809 F.Supp. at 57. It is undisputed that the Wisconsin action was the first action filed.

Nevertheless, the "first to file" rule should not be rigidly adhered to where "compelling circumstances" justify departing from the rule. *Costello*, 809 F.Supp. at 58. Thus, the court should follow the "first to file" rule unless the movant demonstrates that the "balance of convenience" favors the second action or unless "special circumstances" justify giving the second action priority. *Costello*, 809 F.Supp. at 58.

The following factors are relevant in determining whether a deviation from the application of the "first to file" rule is warranted:

(1) the adequacy of the relief available in the alternative forum; (2) promotion of judicial efficiency; (3) the identity of the parties and the issues in the two actions; (4) the likelihood of prompt resolution in the alternative forum; (5) the convenience of the parties, counsel and witnesses; and (6) the possibility of prejudice to any party.

*Costello*, 809 F.Supp. at 58 (citing *Unilease Computer Corp. v. Major Computer Inc.*, 126 F.R.D. 490, 493 (S.D.N.Y.1989)).

The United States argues in its brief in support of its motion to stay the proceedings that it filed the Michigan action rather than filing a counterclaim in the Wisconsin action because it could not obtain personal jurisdiction in the Wisconsin action over Mr.

Clancy, Norwest, Mrs. White and Mr. White. Thus, the United States maintains that only the Michigan court can provide adequate relief to all parties.

While this is a potentially compelling argument, a review of the record reveals that the United States has not provided the court with any evidence to substantiate its claim that Mr. Clancy, Norwest, Mrs. White and Mr. White are not subject to personal jurisdiction in the state of Wisconsin. In the absence of such proof, I am unable to conclude that this court cannot provide adequate relief to all parties.

The issues and parties in the Wisconsin action and the Michigan action are similar but not identical. The Wisconsin action is a refund action while the Michigan action is to reduce tax assessments to judgment. Mr. Rutlin is entitled to pursue his action against the United States and has filed his action in the appropriate forum. *See* 28 U.S.C. § 1402(a)(1).

With respect to the fourth factor—likelihood of prompt resolution in the alternative forum—the United States asserts in its reply brief that both actions will proceed with equal dispatch as evidenced by the fact that a status conference is scheduled in the Michigan action on August 13, 1994. Thus, the record reveals that, at best, the resolution of this litigation would be equally as prompt in the Michigan forum.

The fifth factor, which focuses on the convenience of the parties and witnesses, does not favor either party. The United States claims that two-thirds of the witnesses likely to be called in support of its case reside in Michigan and could not be subpoenaed to appear in the Wisconsin action. This contention suffers from the same flaw as the United States' previous arguments—it is not supported by any evidence. Likewise, Mr. Rutlin has neglected to substantiate his declaration that the Wisconsin forum is more convenient to him, his counsel and the majority of his witnesses.

The United States also maintains that the possibility of inconsistent verdicts justifies staying the Wisconsin action. This argument is based on the United States' unconfirmed assertion that Mr. Clancy, Norwest, Mrs. White and Mr. White cannot be joined in the Wisconsin action. Because the United States has failed to produce any evidence to this effect, I am not persuaded that the United States will be prejudiced if Mr. Rutlin's action is allowed to proceed in the Wisconsin forum.

Based on the flimsy evidentiary record, I must conclude that the United States has not met its burden to show that compelling circumstances justify a departure from the "first to file" rule. Accordingly, the correct exercise of my discretion is to deny the motion of the United States to stay the Wisconsin action in its entirety.

In view of my decision to deny the motion of the United States to stay the Wisconsin action in its entirety, I will order that the stay of all discovery in this action entered by this court on March 15, 1994, be vacated.

A telephonic status conference will be conducted on Tuesday, April 26, 1994, at 10:00 a.m. Further scheduling matters will be addressed at that conference. My chambers will initiate the call.

### ORDER

Therefore, IT IS ORDERED that the motion of the United States to stay the Wisconsin action in its entirety be and hereby is denied, without prejudice and with costs.

IT IS ALSO ORDERED that the stay of all discovery in the Wisconsin action entered by this court on March 15, 1994, be and hereby is vacated.

IT IS FURTHER ORDERED that a telephonic status conference will be conducted on Tuesday, April 26, 1994, at 10:00 a.m.