[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS #106 AND #110
 FACTS
On July 27, 2001, the plaintiff Timothy Remuck filed a three count complaint against Pilgrim Insurance Company (Pilgrim) and Commerce Insurance Company (Commerce). The plaintiff alleges that on August 1, 1999, while in the parking lot of the Thompson Motor Speedway in Thompson, Connecticut, he was severely injured by an unidentified hit and run driver. At the time of the incident, the plaintiff was reaching into the back of a vehicle owned by Thomas J. Russo, whose vehicle was insured by Pilgrim. The plaintiff alleges that Pilgrim, providing uninsured motorist benefits under its policy issued to Russo, is primarily liable for his injury. Alternatively the plaintiff seeks compensation from Commerce, the plaintiff's own uninsured motorist benefit provider.
In count one of the complaint, the Plaintiff seeks a declaratory judgment to determine the rights of the parties and define the law to be applied to the plaintiff's claim. In count two, the plaintiff seeks uninsured motorist benefits under the policy issued by Pilgrim. In count three, the plaintiff seeks compensation under his own uninsured motorist CT Page 4276 benefit policy issued by Commerce.
On September 28, 2001, Pilgrim filed a motion to dismiss the plaintiff's complaint. Pilgrim attached an affidavit and supporting memorandum of law. On September 24, 2001, and on October 11,. 2001, Commerce filed motions to dismiss the plaintiff's complaint, attaching a memorandum of law in support of its position. On December 10, 2001, the court heard oral argument on the motions to dismiss. None of the parties has requested an evidentiary hearing.
 DISCUSSION
Pursuant to Practice Book § 10-31(a), "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."
"A motion to dismiss . . . properly attacks the jurisdiction of the court." (Citation omitted; internal quotation mark omitted.) Ferreira v.Pringle, 255 Conn. 330, 346, 766 A.2d 400 (2001). "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . ." (Internal quotation marks omitted.) BrookridgeDistrict Assn. v. Planning Zoning Commission, 259 Conn. 607, 610-11, ___ A.2d ___ (2002). "The motion to dismiss . . . admits all facts which are well pleaded. . . ." (Internal quotation marks omitted.) Ferreira v.Pringle, supra, 255 Conn. 346.
"A motion to dismiss may . . . raise issues of fact and would, therefore, require a hearing [to determine the facts] . . . [A]ffidavits are insufficient to determine the facts unless, like summary judgment, they disclose that no genuine issue as to a material fact exists." (Brackets in original; internal quotation marks omitted.) Standard TallowCorp. v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983). "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) Weidenbacher v. Duclos,234 Conn. 51, 54 n. 5, 677 A.2d 1378 (1995). The purpose of the evidentiary hearing is to permit the court to "determine the disputed facts necessary to decide the jurisdictional issue." Knipple v. VikingCT Page 4277Communications, Ltd., 236 Conn. 602, 608, 674 A.2d 426 (1996). Where no evidentiary hearing is requested by either party, "we will accept, as the trial court should, all undisputed factual allegations for the purpose of determining whether the plaintiff's have sustained their burden of proving that the court had personal jurisdiction over either or both of the defendants under the long arm statutes." Id., 608-609. "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard Tallow Corporation v. Jowdy, supra, 190 Conn. 54.
 MOTION TO DISMISS #106
Pilgrim moves to dismiss the plaintiff's complaint on the ground that the court lacks personal jurisdiction over it. Connecticut uses a two part inquiry to determine whether there is personal jurisdiction over a foreign corporation. Frazer v. McGowan. 198 Conn. 243, 246, 502 A.2d 905
(1986). "The first inquiry is whether the applicable state long arm statute authorizes the assertion of jurisdiction over the [defendant]; and, if the statutory requirements are met, whether the exercise of in personam jurisdiction would violate constitutional principles of due process." Gaudio v. Gaudio, 23 Conn. App. 287, 289, 580 A.2d 1212 (1990). "[I]t is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Frazer v. McGowan, supra, 198 Conn. 249.
Pilgrim first argues that the long arm statute, General Statutes §33-929 (f),[1] is not available to the plaintiff in this action because the plaintiff is not a resident of this state and does not have a usual place of business in this state.
The relevant portion of § 33-929 (f) provides: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state. . . ." In the present action, the plaintiff alleges in the complaint that he is a resident of Massachusetts. Furthermore, the plaintiff does not assert, and offers no evidence demonstrating, that he has a usual place of business within the state of Connecticut. The plaintiff bears the burden of proof to establish the courts jurisdiction over Pilgrim. SeeStandard Tallow Corporation v. Jowdy, supra, 190 Conn. 53. Therefore, § 33-929 (f) does not provide this court with jurisdiction over Pilgrim.
In its next argument, Pilgrim argues that even if the long arm were satisfied, subjecting Pilgrim to personal jurisdiction in Connecticut CT Page 4278 would offend due process. "Before a Connecticut court can assert in personam jurisdiction over a foreign corporation . . . the court must determine whether the foreign corporation has sufficient contacts with the state to satisfy constitutional due process. International Shoe Co.v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 951 (1945);Lombard Bros., Inc. v. General Asset Management Co., supra, 250. `The contacts must be of a nature where "the traditional notions of fair play and substantial justice" are not offended by requiring a party to defend his case in the forum state.' In re Connecticut Asbestos Litigation,677 F. Sup. 70, 73 (D. Conn. 1986), quoting International Shoe Co. v.Washington, supra, 316. The defendant's "conduct and connection with the forum State [must be] such that [it] should reasonably anticipate being haled into court there.' World-Wide Volkswagen Corporation v. Woodson.444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Thus, `[t]he twin touchstones of due process analysis under the minimal contacts doctrine are foreseeability and fairness.' United States Trust Co. v.Bohart, 197 Conn. 34, 41, 495 A.2d 1034 (1985)." Hill v. R.W. Grace Co., 42 Conn. Sup. 25, 32-33, 598 A.2d 1107 (1991).
Pilgrim argues that it has insufficient contacts with the forum to be subject to suit here. Pilgrim has submitted an affidavit of its Vice President, John Delano. Delano's affidavit establishes that Pilgrim does not transact any business in the state of Connecticut. In his memorandum of law, the plaintiff argues that Pilgrim solicited business in Connecticut by advertising over the internet, thereby subjecting itself to jurisdiction in all states. The plaintiff's assertions regarding Pilgrim's internet advertising, however, are not alleged in the complaint. Furthermore, the plaintiff has not presented any evidence regarding Pilgrim's internet advertising. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ."Buell Industries v. Greater New York Mutual Ins., 259 Conn. 527, 550, ___ A.2d ___ (2002). Therefore, based on the undisputed facts contained in the affidavit submitted by Pilgrim, the court concludes that Pilgrim does not have sufficient contacts with the state of Connecticut to bring it within the courts jurisdiction.
Pilgrim next argues that the court lacks jurisdiction because service of process was improper. The certificate submitted with the marshal's return indicates that service was made on the insurance commissioner on behalf of Pilgrim in accordance with General Statutes § 38a-25 (a) (7).
General Statutes § 38a-25 provides in relevant part: "(a) The Insurance Commissioner is the agent for receipt of service of legal process on the following: . . . (7) Except as provided by section 38a-723, CT Page 4279 unauthorized insurers or other persons assisting unauthorized insurers who directly or indirectly do any of the acts of insurance business as set forth in subsection (a) of section 38a-271."[2] Pilgrim argues that service of process was improper because Pilgrim does not take part in any of the acts set forth in subsection (a) of section 38a-271. In the affidavit submitted by Pilgrim, John Delano specifically addresses each of the acts enumerated in § 38a-271, indicating that Pilgrim does not do any of them in Connecticut. In response, the plaintiff has not offered any evidence to contradict Delano's statements. Consequently, the court agrees with Pilgrim that service of process pursuant to § 38a-25 (a) (7) was improper.
The plaintiff argues that service of process was proper pursuant to General Statutes § 38a-25 (a)(1) which names the Insurance Commissioner as agent for service for "[f]oreign and alien insurance companies authorized to do business in this state in any proceeding arising from or related to any transaction having a connection with this state. General Statutes § 38a-25 (b) provides: "Each foreign . . . insurer by applying for and receiving a license to do business in this state . . . is considered to have irrevocably appointed the Insurance Commissioner as his agent for receipt of service of process in accordance with subsection (a) of this section." The plaintiff argues that Pilgrim is an agent of the Plymouth Rock Assurance Corporation (Plymouth), a corporation licensed to do business in Connecticut. The plaintiff argues that Pilgrim, as an entity of Plymouth, is licensed to do business in Connecticut, and subject to service upon the insurance commissioner. The plaintiff does not offer any evidence indicating that Pilgrim is licensed in the state of Connecticut. In fact, the plaintiff has submitted no evidence regarding Plymouth or its affiliation with Pilgrim. Therefore, the plaintiff has not met his burden of proof. See Standard TallowCorporation v. Jowdy, supra, 190 Conn. 54. This court, therefore, concludes that service was not proper pursuant to § 38a-25 (a)(1).
The plaintiff makes one final argument in support of the courts jurisdiction. The plaintiff argues that the balance of convenience favors the plaintiff's choice of forum. In support of this argument, the plaintiff cites to two federal cases, 800-Flowers, Inc. v.Intercontinental Florist Inc., 860 F. Sup. 128, 133 (S.D.N.Y. 1994) andUnilease Computer Corp. v. Major Computer Inc., 126 F.R.D. 490, 493-94
(S.D.N.Y 1989). Both of these federal cases apply the "balance of convenience" test to determine which of two federal courts, both having jurisdiction, should take priority under the "first filed rule."800-Flowers, Inc. v. Intercontinental Florist, Inc. supra,860 F. Sup. 131. These cases, however, do not address the issue presently before the court, that is, whether the court even has personal jurisdiction. The plaintiff has not cited to, and the court is unaware CT Page 4280 of, any authority applying a convenience analysis to a determination of personal jurisdiction.
 MOTION TO DISMISS #110
Commerce moves to dismiss the complaint on the ground that the court lacks personal jurisdiction over Commerce, and on the ground that the court lacks subject matter jurisdiction.
Practice Book § 10-30 provides that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ." Practice Book §10-32 provides that "[a]ny claim of lack of jurisdiction over the person . . . or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss . . . within the time provided by Section 10-30." "It is fundamental that jurisdiction over a person can be obtained by waiver." Pitchell v. Hartford, 247 Conn. 422,428, 722 A.2d 797 (1999).
The record indicates that Commerce filed an appearance on August 10, 2001. Subsequently, Commerce filed its first motion to dismiss on September 24, 2001. Commerce's motion to dismiss was therefore filed more than thirty days after Commerce's appearance. The court has obtained personal jurisdiction over Commerce by waiver. Consequently, the motion to dismiss for lack of personal jurisdiction must fail.
Next, Commerce argues that this court lacks subject matter jurisdiction over the plaintiff's declaratory judgment action because the plaintiff failed to name Thompson Racing Associates of Connecticut, LLC as a party to the action, and that the court therefore is deprived of jurisdiction pursuant to Practice Book § 17-56.
Practice Book § 17-56(b) prescribes the procedure for declaratory judgment. It states in relevant part that "[a]ll persons who have an interest in the subject mater of the requested declaratory judgment that is direct, immediate and adverse to the interest of one or more of the plaintiffs or defendants in the action shall be made parties to the action or shall be given reasonable notice thereof. . . . The party seeking declaratory judgment shall append to its complaint . . . a certificate stating that all such interested persons have been joined as parties to the action or have been given reasonable notice thereof . . ." Practice Book § 17-56(b). Practice Book § 17-56(c) provides that "[t]he exclusive remedy for nonjoinder or failure to give notice to interested persons is by motion to strike as provided in Sections 10-39 and 10-44." In keeping with the relevant Practice Book provisions, the court finds CT Page 4281 that the plaintiff's failure to join Thompson Motor Speedway as a necessary party is more appropriately raised on a motion to strike.
 CONCLUSION
Pilgrim's motion to dismiss is granted. Commerce's motion to dismiss is denied.
________________________________________ D. Michael Hurley, Judge Trial Referee