Addie M. WILLIS, Special Administratrix of the Estate of Bobby Willis, Deceased, Plaintiff–Appellant,

v.

CATERPILLAR INCORPORATED, Defendant–Appellee.

No. 99–1345.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 15, 1999.

Decided Dec. 8, 1999.

Steven B. Muslin, Thomas J. Rainville (argued), Chicago, IL, for Plaintiff–Appellant.

L. Lee Smith, Westervelt, Johnson, Nicoll & Keller, Peoria, IL, A. Jay Koehler (argued), Swanson, Martin & Bell, Chicago, IL, for Defendant–Appellee.

Before CUDAHY, COFFEY and EASTERBROOK, Circuit Judges.

CUDAHY, Circuit Judge.

On February 22, 1995, Bobby Willis, then a citizen of Mississippi, was fatally wounded when the forklift he was operating overturned, crushing him. Almost three years later, on February 20, 1998, Addie Willis, the Special Administratrix of Bobby's estate and also a citizen of Mississippi, filed a complaint in the Central District of Illinois, alleging that Caterpillar Inc. (Caterpillar) had designed, manufactured and distributed that forklift in a latently defective and dangerous condition due to company negligence. Caterpillar, a Delaware corporation with its principal place of business in Peoria, Illinois, responded by filing a motion to dismiss stating that Willis' claim was time barred under the applicable Illinois statute of limitations. *See* 735 ILCS 5/13–202 (two-year statute of limitations for personal injuries). Willis contended that Mississippi's three-year statute of limitations, *see* Miss.Code Ann. 15–165, was the proper statute of limitations, and moved, in the alternative, to have the case transferred to the Western District of Mississippi under 28 U.S.C. § 1404(a) and/or 28 U.S.C. § 1406(a).

The district court referred the matter to a magistrate judge. The magistrate judge first engaged in a lengthy choice-of-law analysis, eventually deciding that the Illinois statute controlled because Illinois, as the location of the manufacture, had the most significant relationship to the case. *See* Magistrate Judge's Report and Recommendation at 8 (Dec. 18, 1998) (Report). Hence, the magistrate judge concluded

that Willis' suit was time barred and recommended that Caterpillar's motion to dismiss be granted. The magistrate judge recommended rejecting Willis' § 1404(a) motion because a discretionary transfer would not make the suit timely.[1] The magistrate judge also recommended rejecting Willis' § 1406(a) motion because that section "is wholly irrelevant, because it deals only with cases of improper venue. There is no question that venue in this District is proper." Report at 9.

Willis filed her objections to the magistrate judge's report and recommendation as permitted by Fed.R.Civ.P. 72(b).[2] Willis objected to the magistrate judge's choice-of-law analysis because she had discovered that the forklift in question had been manufactured in Ohio rather than in Illinois as she originally alleged. This new information, Willis claimed, undermined the magistrate judge's determination that Illinois law should be applied. Willis further objected to the magistrate judge's finding that a transfer under § 1404(a) would not cure the untimely filing of the lawsuit, again offering Mississippi's three-year statute of limitations as the proper one. Caterpillar filed a response that acknowledged that the forklift had been manufactured in Ohio, adding that Caterpillar Industrial Inc. (Caterpillar Industrial), a wholly-owned subsidiary of Caterpillar, had manufactured the forklift in Ohio.

On February 1, 1999, the district court dismissed Willis' case and denied both of Willis' alternative motions to transfer. The district court took note of Willis' objections and concluded that now Ohio would have the most significant contacts as the state of manufacture. Ohio, like Illinois, has a two-year statute of limitations,

---

1. The magistrate judge explained that "[t]he statute of limitations applicable in a case transferred under [§ 1404(a)] is the statute applied by the transferor court, not the transferee court." The magistrate judge did not cite any authority for this conclusion, but the conclusion was correct. *See Van Dusen v. Barrack*, 376 U.S. 612, 637–39, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

2. Rule 72(b), promulgated under statutory authorization in 28 U.S.C. § 636(b)(1)(B), states that "a party may serve and file specific, written objections to the proposed findings and recommendations."

*see* Ohio Rev.Code Ann. §§ 2305.10(A) & 2125.02(D), so Willis' suit was still barred if Ohio law applied. The court continued, however, and noted that even if Mississippi substantive law were to govern, her case would still be time barred: a federal court sitting in diversity applies the procedural law of the forum. *See* District Court Order at 3 (Order) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751–53, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)). Since both Illinois and Mississippi view their statutes of limitations as procedural, a federal court sitting in Illinois would apply Illinois' two-year limitation. Thus, Willis' claim was time barred, and the district court adopted the magistrate judge's report and recommendation in its entirety. The case was dismissed with prejudice.

Willis appeals the district court's decision, claiming that the district court abused its discretion by failing to conduct a *de novo* review of the magistrate judge's report and recommendation and by denying her motion to transfer under § 1406(a). We disagree.

■ If a party objects to a magistrate judge's recommended disposition, the district judge "shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. . . ." Fed. R.Civ.P. 72(b). After such *de novo* review, the district judge "may accept, reject, or modify the recommended decision. . . ." *Id.* There is nothing before us that suggests that the district judge failed to follow Rule 72(b) in this case.

Before adopting the magistrate judge's recommendation, the district court revisited the magistrate judge's recommendation in light of the fact that the forklift was manufactured by Caterpillar Industrial in Ohio—as opposed to Caterpillar in Illinois. The district court concluded that "[a]lthough these new facts may slightly change the analyses, they do not change the bottom line." Order at 2. The court considered the record and found that "Ohio had the most significant relationship to this case." Order at 3. The magistrate judge's report made no reference to Ohio. The district court's order thus demonstrated sufficient independent consideration of the new information to meet the standard of *de novo* review. After assessing the "bottom line," the district court adopted the magistrate judge's recommendation, dismissing the case and denying the alternative transfer motions. Because the district court properly adopted the magistrate judge's recommendation, Willis' argument on this point fails.

■ We now turn to the district court's refusal to transfer the case under § 1406(a) and will reverse only on a showing of a clear abuse of discretion. *Saylor v. Dyniewski*, 836 F.2d 341, 345 (7th Cir. 1988). As a threshold matter, we must first determine if the issue was properly preserved for appellate review.

■ Caterpillar argues that Willis waived her appeal of the § 1406(a) transfer issue because she did not raise it in her objections to the magistrate judge's report and recommendation. In her objections, Willis explicitly challenged the magistrate judge's findings because they were based on the incorrect information that the forklift had been manufactured in Illinois. In the final paragraph of her objections, Willis stated, "Lastly, and in the alternative, the Plaintiff objects to the Magistrate Judges [sic] finding that transfer under § 1404(a) would not cure untimely filing of this suit." Objections at ¶ 12. Nowhere in her objections does Willis mention § 1406(a). We must determine if this failure waived her right to appeal.

■ As we recently explained, "[i]f a party fails to object to a magistrate judge's report and recommendation in the district court, in this Circuit he waives appellate review of both factual and legal questions." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.1999). If a party objects to only some parts of the magistrate's report,

"he waives appellate review of the issues to which he has not objected." *Id.* (citing *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir.1988)). This Circuit's interpretation of Rule 72(b) requires "a party to specify those issues to which it objects but not the basis for the objections, [which] provides a district court judge with notice as to which issues are being contested . . . ." *Johnson*, 170 F.3d at 742. In her objections, Willis explicitly challenged the magistrate's choice-of-law analysis and the denial of transfer under § 1404(a), but nowhere does she mention § 1406(a). Nor does she even allude to the argument that the new information affects the propriety of the current venue. Further, Willis' objections should be taken at face value: by not mentioning § 1406(a)—especially after explicitly mentioning § 1404(a)—Willis did not place that challenge to the magistrate judge's report and recommendation before the district court.[3] Therefore, because Willis "filed objections in the district court but those objections did not even hint at the [§ 1406(a)] argument [s]he raises on appeal," *Lockert*, 843 F.2d at 1017, Willis waived her right to appeal the denial of her motion to transfer under § 1406(a).

■ For good measure, we note that, even if Willis had not waived her right to appeal, a transfer pursuant to § 1406(a) would have been wholly inappropriate in this case. That section provides for dismissal or transfer of "a case laying venue in the *wrong* division or district . . . ." 28 U.S.C. § 1406(a) (emphasis added).[4] Willis contends that the fact that the forklift was manufactured in Ohio "established

that venue in the State of Illinois is not proper." Appellant's Brief at 7. This is just plain wrong. Caterpillar is the sole defendant in this action. Its principal place of business is Peoria, Illinois. Venue was clearly proper in the Central District of Illinois. *See* 28 U.S.C. §§ 1391(a), (c). The new evidence that the forklift was actually manufactured by a subsidiary in another state—namely, Caterpillar Industrial in Ohio—whatever other questions it may raise, does not change the conclusion as to venue with respect to the suit as filed. This new evidence may have made Ohio a proper venue,[5] *see* 28 U.S.C. § 1391(a)(2) (venue proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"), but it does not eliminate the propriety of venue in Illinois in this lawsuit against Caterpillar. Therefore, because Willis' suit against Caterpillar was filed in a proper venue, the district court was without the power to transfer the case under § 1406(a). Thus, it properly denied Willis' motion.

Affirmed.

---

3. Although in no way dispositive of the issue, we should also note that in its response to Willis' objections, Caterpillar responded only to her § 1404(a) argument. It did not address § 1406(a). Apparently, Caterpillar did not believe she was challenging the magistrate judge's recommendation regarding § 1406(a) either.

4. This is unlike a transfer under § 1404(a), which does not require that venue in the current court be improper. Even if venue is proper, "[f]or the convenience of the parties

and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). However, Willis does not appeal the district court's denial of her motion to transfer under § 1404(a).

5. The new information may, of course, have rendered Caterpillar an improper party. If this had happened, the case against Caterpillar could have been dismissed on that ground.