**BANJO BUDDIES, INC., Plaintiff**

v.

**Joseph F. RENOSKY and Renosky Lures, Inc., Defendants**

**No. CIV. 01–131–B–H.**

United States District Court, D. Maine.

Aug. 8, 2001.

Todd S. Holbrook, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Banjo Buddies Inc., plaintiff.

Christopher B. Branson, Murray, Plumb & Murray, Portland, ME, C. James Zeszutek, John J. Richardson, Thorp, Reed & Armstrong, LLP, Pittsburgh, PA, for Joseph F. Renosky, Renosky Lures, Inc., defendants.

## ORDER ON DEFENDANTS' MOTION TO TRANSFER VENUE

HORNBY, Chief Judge.

This lawsuit is a patent infringement case involving fishing lures. The defendants Joseph F. Renosky and Renosky Lures, Inc. have moved to transfer venue, under 28 U.S.C. § 1404(a), to the Western District of Pennsylvania, where the plaintiff has another case pending against Joseph Renosky. The Pennsylvania case does not allege patent infringement, but rather that Renosky—who was previously the plaintiff Banjo Buddies' chief executive officer—usurped a corporate opportunity. The defendants argue that I should transfer this case to Pennsylvania because of the possibility that it could be consolidated with the plaintiff's case there, and because it would be more convenient for the parties. I conclude that the defendants have not overcome the strong presumption that exists in favor of the plaintiff's choice of forum. Accordingly, the motion is Denied.

### I. Facts

In the District of Maine lawsuit, Banjo Buddies, Inc. ("Banjo Buddies") asserts that its former chief executive officer and chairman, Joseph Renosky ("Renosky"), and his company, Renosky Lures, Inc. ("Renosky Lures"), are infringing two of Banjo Buddies' patents in a fishing lure called the "Banjo Minnow" by selling the defendants' "Boomerang" fishing lure kit. Banjo Buddies alleges that the infringement is reckless or willful and deliberate.[1]

---

1. This allegation is apparently with a view toward recovering treble damages under 35

In the Western District of Pennsylvania lawsuit, Civil No. 99–1389, Banjo Buddies asserts claims against Renosky the individual, but not Renosky Lures, for false designation of origin, misappropriation of trade secrets, breach of fiduciary duties, unfair competition, breach of contract, unjust enrichment and declaratory judgment, but not for patent infringement. Specifically, Banjo Buddies alleges that Renosky signed nondisclosure and noncompete agreements in the course of his relationship with Banjo Buddies, yet improperly usurped an opportunity that he had presented to the company for improving its Banjo Minnow lure. Banjo Buddies alleges that it had elected to defer developing that opportunity until sales of the Banjo Minnow lure started to flag, but that Renosky then "improperly usurped the ... opportunity for himself" by developing and selling the Renosky "Bionic Minnow."

Thus, while both cases start from the Banjo Minnow, they proceed in different directions. In the Maine case, Banjo Buddies alleges that lures included in the Renosky Boomerang kit copy its patented Banjo Minnow. But in the Pennsylvania case, Banjo Buddies alleges that a different Renosky lure, the Bionic Minnow, is a misappropriated corporate opportunity. In Maine, Banjo Buddies makes no allegations regarding the Renosky Bionic Minnow (other than in describing the Pennsylvania case), and in Pennsylvania, Banjo

Buddies makes no allegations regarding the Renosky Boomerang kit.

## II. Transfer of Venue Under 28 U.S.C. § 1404(a)

The defendants do not assert that venue is improper in the District of Maine. Rather, they rely upon 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." The defendants argue that the "interest of justice" and the convenience of the parties favor transfer.

In the First Circuit, "there is a strong presumption in favor of the plaintiff's choice of forum." *Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir.2000).[2] Transfer is appropriate only if that presumption is outweighed by the "interest of justice." or by the convenience of the parties and witnesses. *Coady,* 223 F.3d at 11.

### A. The Interest of Justice

■ The "interest of justice" includes a variety of "public interest factors relating to the efficient administration of the court system, such as the interests of conserving judicial resources ... [and] avoiding court congestion." 17 James Wm. Moore et al., Moore's Federal Practice § 111.13[1][n], at 111–89 (3rd ed.2000). The defendants focus on conservation of judicial resources, arguing that this case should be transferred to Pennsylvania to be consolidated with the case pending there.[3] Although

---

U.S.C. § 284, and/or attorney fees under 35 U.S.C. § 285.

**2.** Regional circuit precedent, rather than Federal Circuit precedent, governs purely procedural issues not pertaining to patent law. *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,* 203 F.3d 790, 793 (Fed.Cir.2000). Neither party has argued that transfer of venue is anything but a purely procedural issue. *Cf. Regents of Univ. of Cal. v. Eli Lilly & Co.,* 119 F.3d 1559, 1565–66 (Fed.Cir.1997) (ex-

amining venue issue under law of regional circuit).

**3.** While the defendants use the word consolidation, their argument focuses not on whether the two cases could actually be consolidated, but rather on the extent of their similarities. "Judicial economy is served by having ... two actions in the same district even though actual consolidation of the actions may not be possible; the litigation of related claims before the same judge may

there is no significant overlap between the narrow patent infringement claim in this case, in and of itself, and the various claims asserted in the Pennsylvania case, the defendants assert that Banjo Buddies' allegation that the defendants' patent infringement is *willful and deliberate* opens the door to "voluminous discovery into the prior dealings and relationship between the parties to determine Renosky's knowledge and intent with respect to the patents at issue," and that "[m]uch of this required discovery into the prior dealings and relationship between the parties has already been conducted in the Pennsylvania lawsuit." In response, Banjo Buddies asserts that the Maine lawsuit will involve examining the defendants' state of mind only at the time they developed and marketed the Boomerang lure kit, not during their prior relationship. Banjo Buddies also asserts that even if an examination of the parties' prior relationship is necessary, it could be accomplished through the discovery that already has been conducted in the Pennsylvania lawsuit. (Discovery closed in the Pennsylvania lawsuit on February 28, 2001.)

I conclude that the defendants have not shown that the overlap between these two cases outweighs the strong presumption in favor of the plaintiff's choice of forum. In this case, Banjo Buddies primarily will have to show that the Renosky Boomerang infringes its patents. To be sure, proving the defendants' knowledge of infringement may be necessary for penalty relief, punitive damages and attorney fees? and may entail some examination of the parties' previous relationship. But that is an ancillary part of the Maine lawsuit and the defendants have failed to explain how the aspects of that relationship that are relevant to the plaintiff's claims in the Pennsylvania lawsuit are also relevant in this case. Moreover, the discovery already completed in Pennsylvania can be used here in any event.[4]

The defendants also argue that I should transfer the case under the "first-filed" rule. That rule provides that "[i]f two actions involving the same parties and identical issues ('mirror image' actions) are pending in different districts," then, in general, "the first-filed action will be given priority and be allowed to proceed in favor of the later action." 17 James Wm. Moore et al., Moore's Federal Practice § 111.13[1][o][ii][A], at 111–95 (3rd ed.2000); *accord Coady*, 223 F.3d at 11 (stating that the first-filed action is gener-

---

conserve judicial resources and avoid inconsistent rulings." 17 James Wm. Moore et al., Moore's Federal Practice § 111.13[1][o], at 111–94 (3rd ed.2000). My focus also, therefore, is on the extent of the cases' similarities.

4. The defendants make two more specific arguments regarding the overlap between the cases. The first is that the issue of patent infringement has in fact arisen in the Pennsylvania lawsuit. It is true that during a deposition, Banjo Buddies' president, Wayne Hockmeyer, was questioned about a threatening letter that a Banjo Buddies lawyer wrote to Renosky, evidently prior to the filing of the Pennsylvania lawsuit. The letter asserted that the Renosky Bionic Minnow may infringe Banjo Buddies' patent. But that reference related to the Bionic Minnow, which is the subject of the Pennsylvania litigation, not the Boomerang lure kit, which is the subject of this litigation. And in any event. Banjo Buddies decided not to pursue the patent infringement claim in the case it actually filed in Pennsylvania, months after the letter was written. A passing reference in a demand letter regarding a *different* patent infringement claim that was in any event not pursued falls far short of demonstrating that the Pennsylvania lawsuit overlaps significantly with this one. The defendants' second more specific argument is that Banjo Buddies' ownership of the Banjo Minnow patents is at issue in both cases. Whatever merit that argument may have, it fails because the defendants have not supported it with any evidence at all.

ally preferred " '[w]here identical actions are proceeding concurrently in two federal courts' ") (quoting *Cianbro Corp. v. Curran–Lavoie*, 814 F.2d 7, 11 (1st Cir.1987)); *cf. TPM Holdings, Inc. v. Intra–Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir.1996) (stating that the first-filed rule usually applies where "the overlap between the two suits is nearly complete," and that where the overlap is "less than complete," the judgment is made based on other factors). The Pennsylvania lawsuit was filed on August 25, 1999 and the Maine lawsuit was filed on July 2, 2001, but the rule is inapplicable here: the defendants simply have not shown that there is any significant overlap between the two actions, much less that the overlap is nearly complete.[5]

### B. Convenience of the Parties

The defendants argue that it would be more convenient for the parties to litigate this case in Pennsylvania. (So far as witnesses alone are concerned, neither forum has an advantage.) "It is not enough without more that the defendant would prefer another forum, nor is it enough merely to show that the claim arose elsewhere. Nor will transfer be ordered if the result is merely to shift the inconvenience from one party to the other." 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 3848, at 383–86 (2d ed.1986).

The defendants reside and keep their documents in Pennsylvania. They assert that they would incur "crippling expenses" if they were forced to litigate in Maine, that it would be more convenient to litigate this case through the Pennsylvania lawyers who are familiar with the parties than to hire new lawyers here, and that Banjo Buddies has demonstrated its willingness to litigate in Pennsylvania by suing there. Banjo Buddies' principal place of business, on the other hand, is in The Forks, Maine (although it is a Wisconsin corporation). It asserts that it is a much smaller company than Renosky Lures—so that the defendants are actually the ones who are better able bear the expense of litigating in a foreign forum—and that it only filed its earlier suit in Pennsylvania because at the time it had no proof that Renosky was subject to personal jurisdiction here. These are all considerations that I can take into account in deciding a motion to transfer, but none is particularly weighty as a general matter, *see generally* 15 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §§ 3849–50 (2d ed.1986); 17 James Wm. Moore et al., Moore's Federal Practice § 111.13[1][e], at 111–74 to 111–76, or particularly persuasive on the facts of this case. The convenience of the parties here does not outweigh the plaintiff's choice of forum.

### III. Conclusion

The defendants have not shown any significant overlap between this case and the Pennsylvania case, nor that it would be more convenient for the parties to litigate this case in Pennsylvania. Accordingly, their motion to transfer venue is DENIED.

So Ordered.

---

5. For its part, Banjo Buddies argues that consolidating this lawsuit with the long-pending Pennsylvania lawsuit would risk further delaying the Pennsylvania lawsuit because there will need to be additional discovery, whereas if the case is not transferred then both cases will proceed swiftly. While docket congestion resulting in undue delay may be an appropriate consideration on motions to transfer venue, *see Coady*, 223 F.3d at 11, it is unnecessary to consider it here given my conclusion that the defendants have not overcome the presumption in favor of the plaintiff's choice of forum.